IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**BETTY CHURCH**,

      Plaintiff,

  v.

**CAROLYN W. COLVIN,**
Commissioner of Social Security**,**

      Defendant.

Case No. 2:12-cv-02028-SI

**OPINION AND ORDER**

Rory Linerud, Linerud Law Firm, P.O. Box 1105, Salem, OR 97308. Attorney for Plaintiff.

S. Amanda Marshall, United States Attorney, and Adrian L. Brown, Assistant United States Attorney, United States Attorney's Office, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204-2902; Richard M. Rodriguez, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104-7075.
Attorneys for Defendant.

**Michael H. Simon, District Judge.**

      Ms. Betty Church seeks judicial review of the final decision of the Commissioner of the

Social Security Administration ("Commissioner") denying Ms. Church's application for

PAGE 1 – OPINION AND ORDER

Disability Insurance Benefits ("DIB"). For the following reasons, the Commissioner's decision is AFFIRMED.

## BACKGROUND

### A. The Application

Ms. Church filed an application for DIB on April 21, 2009, alleging disability beginning on June 30, 2006. Administrative Record ("AR") 17. Ms. Church alleges disability due to a combination of impairments, including chronic back pain, headaches, and chronic fatigue. The Commissioner denied Ms. Church's application both initially and on reconsideration, and Ms. Church then requested a hearing before an Administrative Law Judge ("ALJ"). *Id.* An administrative hearing was held on June 22, 2011. *Id.* The ALJ determined that Ms. Church was not disabled. AR 26. The Appeals Council denied Ms. Church's request for review, making the ALJ's decision the final decision of the Commissioner. Ms. Church now seeks judicial review of that decision.

### B. The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.,* 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. § 404.1520 (DIB); 20 C.F.R. § 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4). The five-step sequential process asks the following series of questions:

PAGE 2 – OPINION AND ORDER

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds beyond step three. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c);

> 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari,* 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel,* 180 F.3d 1094, 1100 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett,* 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante,* 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## C. The ALJ's Decision

The ALJ began her analysis by noting that Ms. Church met the insured status requirements of the Social Security Act through June 30, 2006. AR 17. The ALJ then applied the sequential analysis. At step one, the ALJ determined Ms. Church may have engaged in substantial gainful activity ("SGA") in 2007 and 2008, after the alleged onset of disability. AR 19. The ALJ, however, did not conclude that Ms. Church was not disabled at step one, and instead, continued to apply the sequential analysis. *Id.* At step two, the ALJ found that Ms. Church had a severe impairment of lumbar degenerative disc disease. AR 19-20. At step three, the ALJ determined that Ms. Church did not have an impairment or combination of impairments that met or medically equaled a listed impairment. AR 21.

PAGE 4 – OPINION AND ORDER

The ALJ then determined that, considering all of Ms. Church's impairments, Ms. Church had the RFC to perform light work subject to certain physical restrictions including, among other things, restrictions on lifting and exposure to hazards such as unprotected heights. At step four, the ALJ found that Ms. Church was capable of performing past relevant work as a general office worker, consistent with her RFC. AR 24. Based on the ALJ's conclusion that Ms. Church could perform past relevant work, the ALJ found that Ms. Church was not disabled. AR 25. The ALJ also determined, based on vocational expert ("VE") testimony, that Ms. Church could perform other jobs existing in significant numbers in the national economy. *Id.* Therefore, the ALJ concluded, in the alternative, that it was also appropriate to find at step five that Ms. Church was not disabled.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by

PAGE 5 – OPINION AND ORDER

isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (internal quotations omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray,* 554 F.3d at 1226.

## DISCUSSION

Ms. Church seeks review of the ALJ's determination that she was not disabled before the date last insured. Ms. Church claims that the ALJ's determination of no disability at steps four and five of the sequential analysis is erroneous because it is based on an inadequate RFC. Specifically, Ms. Church argues that the ALJ erred by: (1) improperly rejecting Ms. Church's testimony; (2) improperly rejecting the opinion of Dr. Kent Walker, Ms. Church's treating physician; and (3) failing adequately to develop the record, resulting in an RFC that was not based on medical evidence.

### A. Ms. Church's Testimony

Ms. Church argues that the ALJ improperly rejected her testimony. The Court finds that the ALJ provided clear and convincing reasons for rejecting Ms. Church's testimony and that the ALJ's credibility determination was supported by substantial evidence in the record.[1]

---

[1] Ms. Church also argues that the ALJ improperly rejected the lay witness testimony of Thomas Church, Ms. Church's husband. The Court finds that the ALJ did not reject Mr. Church's testimony, but rather, concluded that it in fact supported a higher level of physical functioning than Ms. Church alleged. *See* AR 24. Even if the ALJ had rejected Mr. Church's testimony without providing germane reasons for doing so, that error would be harmless because Mr. Church's testimony was substantially similar to that of Ms. Church, which the ALJ rejected for clear and convincing reasons. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

**1. Legal Standards**

The Ninth Circuit has developed a two-step process for evaluating the credibility of a claimant's own testimony about the severity and limiting effect of the claimant's symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, the ALJ "must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*)). The claimant "need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

Second, "if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Smolen*, 80 F.3d at 1281). It is "not sufficient for the ALJ to make only general findings; [the ALJ] must state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Those reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing *Bunnell*, 947 F.2d at 345-46).

The ALJ may consider objective medical evidence and the claimant's treatment history, as well as the claimant's daily activities, work record, and observations of physicians and third parties with personal knowledge of the claimant's functional limitations. *Smolen*, 80 F.3d at 1284. The Commissioner recommends assessing the claimant's daily activities; the location,

PAGE 7 – OPINION AND ORDER

duration, frequency, and intensity of the individual's pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; and any measures other than treatment the individual uses or has used to relieve pain or other symptoms. *See* SSR 96-7p, *available at* 1996 WL 374186.

Further, the Ninth Circuit has said that an ALJ also "may consider . . . ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, . . . other testimony by the claimant that appears less than candid [and] unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." *Smolen*, 80 F.3d at 1284. The ALJ may not, however, make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

### 2. The ALJ's Adverse Credibility Finding

At step one of the credibility analysis, the ALJ found that Ms. Church had presented evidence of an underlying impairment that could be expected to cause some of her alleged symptoms. At step two, because there is no affirmative evidence of malingering in the record, the ALJ is required to give clear and convincing reasons, supported by substantial evidence, in order to reject Ms. Church's testimony. *Burch*, 400 F.3d at 680. The ALJ gave three reasons for rejecting Ms. Church's testimony, including: (1) Ms. Church's sparse work history before the alleged onset date of disability; (2) Ms. Church's conservative treatment of her condition before the alleged onset date of disability; and (3) inconsistency between Ms. Church's activities of daily living and the alleged severity of her symptoms. The Court finds that each of the ALJ's

PAGE 8 – OPINION AND ORDER

reasons for the adverse determination of Ms. Church's credibility is clear and convincing and is supported by substantial evidence.

Sparse work history is a clear and convincing reason for an ALJ to discount a claimant's credibility. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (upholding the ALJ's finding that claimant's poor work history "negatively reflected her credibility regarding her inability to work."). The ALJ found, based on Ms. Church's income reports, that Ms. Church had not reported earnings for the years 1974-75 and 1977-78 and that Ms. Church's earnings did not satisfy the "gainful" requirement for the years 1971-85 and 2001-05. The ALJ determined that the evidence of Ms. Church's sparse work history before the alleged onset of disability undermined the credibility of Ms. Church's testimony that her inability to work after the alleged onset date was due to disability. The gaps in Ms. Church's employment history before the alleged onset of disability, apparent from her uncontradicted past earnings reports, are substantial evidence supporting the ALJ's adverse credibility finding.

There is also substantial evidence in the record of Ms. Church's conservative treatment of her impairments before the alleged onset of disability. The medical records indicate that despite her allegedly worsening physical condition, Ms. Church did not undergo back surgery until 2008, well after her last date insured and the alleged onset of disability. Further, in 2005, Ms. Church's treating physician recommended against back surgery because, in his opinion, surgery would worsen Ms. Church's symptoms.[2] Based on that substantial evidence, the ALJ concluded that Ms. Church overstated the severity of her symptoms at the alleged onset date. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (ALJ properly considered claimant's conservative treatment in discounting the credibility of claimant's pain testimony). Thus, Ms. Church's

---

[2] If the back surgery did, in fact, worsen Ms. Church's symptoms, it is irrelevant to this analysis because the surgery occurred after the date last insured.

PAGE 9 – OPINION AND ORDER

conservative medical treatment provides a second and independent basis for upholding the ALJ's adverse credibility finding. *See Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995).

Ms. Church's activities of daily living during the relevant time period are a third basis for the ALJ to reject Ms. Church's testimony regarding the alleged severity of her symptoms. Ms. Church testified that at the alleged onset date she could only sit for a total of approximately 45 minutes to an hour in an eight-hour period, could only stand for a total of approximately 45 minutes to an hour in an eight-hour period, could only lift ten pounds once or twice per day, and could hardly walk at all. Ms. Church also testified, however, that she engaged in activities of daily living at or shortly after the alleged onset date including, among other things, driving, running errands, performing household chores such as vacuuming and dusting, and using a computer. The record also indicates that Ms. Church performed part-time work during 2007-08, less than one year after the alleged onset of disability. The ALJ found that these activities contradicted Ms. Church's subjective testimony regarding the alleged severity of her symptoms, undermining her credibility. Ms. Church's testimony regarding her daily living activities and record of contemporaneous part-time employment are substantial evidence that supports the ALJ's conclusion. *See Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (upholding ALJ's adverse credibility determination where claimant's activities of daily living, including limited work for pay, conflicted with the alleged severity of claimant's symptoms).

In sum, the ALJ provided clear and convincing reasons for finding that Ms. Church's testimony regarding the severity of her symptoms is not fully credible. Each of the ALJ's reasons is supported by substantial evidence in the record and each is a sufficient, independent basis for upholding the ALJ's credibility determination.

## B.  Dr. Walker's Testimony

Ms. Church argues that the ALJ improperly rejected the opinion of her treating physician, Dr. Kent Walker. "To reject [the] uncontroverted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence." *Ryan v. Commissioner*, 528 F.3d 1194, 1198 (9th Cir. 2008) (citation omitted). If a treating or examining doctor's opinion is contradicted by another doctor's opinion in the record, the ALJ may reject it with "specific and legitimate reasons that are supported by substantial evidence." *Id.* Additionally, "the ALJ must give appropriate weight to the subjective aspects of the doctor's opinion." *Rodriguez v. Bowen*, 876 F.2d 759, 762 (9th Cir. 1989). The ALJ, however, need not accept a treating physician's opinion if it is conclusory, inadequately supported by clinical findings, or pertains to a matter not related to his or her area of specialization. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005); 20 C.F.R. § 404.1527(d). "An ALJ may [also] reject a treating physician's opinion if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (citations omitted).

Dr. Walker was Ms. Church's treating physician between 2004 and 2010. During that time, Dr. Walker treated Ms. Church extensively, including numerous office visits and prescribing medication. Dr. Walker opined that Ms. Church was disabled on at least two occasions documented in the record. First, in treatment notes dated September 2009, Dr. Walker opined that Ms. Church "continue[d] to be disabled due to cardiopulmonary [and] musculo-skeletal permanent conditions." AR 1080. Several months later, in a medical source statement dated April 2010, Dr. Walker reiterated his opinion that, based on his treatment of Ms. Church between 2004 and 2010, he believed that Ms. Church was disabled due to her impairments.

PAGE 11 – OPINION AND ORDER

The ALJ gave "no weight" to Dr. Walker's opinion of Ms. Church's disability status. The ALJ cited three reasons for rejecting Dr. Walker's opinion: (1) Ms. Church's activities of daily living indicate a greater physical capacity than Dr. Walker noted; (2) Dr. Walker based his conclusions on Ms. Church's subjective, and incredible, complaints rather than the objective medical evidence; and (3) Dr. Walker's opinions are dated several years after Ms. Church's last date insured. Each of the ALJ's reasons satisfies the clear and convincing standard for rejecting the medical opinion of a treating physician, and each is supported by substantial evidence in the record.

Inconsistency with a claimant's activities of daily living is a clear and convincing reason to reject a treating physician's opinion. As explained above, the ALJ's conclusion that Ms. Church's activities of daily living during the relevant time period indicate a higher level of physical functioning than would be consistent with the alleged disabling limitations is supported by substantial evidence in the record. The limitations that Dr. Walker identified to support his opinion that Ms. Church was disabled are substantially similar to the alleged limitations recited in Ms. Church's own discredited testimony. Dr. Walker opined that Ms. Church could sit for only 30 minutes at a time and could only stand for 15 minutes at a time. The ALJ found that those limitations were inconsistent with Ms. Church's activities, including vacuuming, cooking, and traveling to Portland. Inconsistency with Ms. Church's activities of daily living is a clear and convincing reason to reject portions of Ms. Church's own testimony; it is similarly a clear and convincing reason for the ALJ to reject Dr. Walker's substantially similar opinion.

The ALJ discredited Ms. Church's testimony for clear and convincing reasons. Thus, the ALJ was permitted to discredit Dr. Walker's testimony if it was largely based on Ms. Church's subjective reports. *See Tommasetti*, 533 F.3d at 1041 (9th Cir. 2008). The same chart notes in

which Dr. Walker opined that Ms. Church "continue[d] to be disabled" also indicate that Ms. Church "report[ed] that she had been disabled since 2006," and Ms. Church informed the nurse that she "would like to discuss disability and past medical issues." AR 1080. Ms. Church's statements to Dr. Walker asserting disability, recorded on the same day that Dr. Walker opined for the first time that Ms. Church was disabled, are substantial evidence supporting the ALJ's conclusion that Dr. Walker's opinion was largely based on Ms. Church's subjective reports.

The ALJ also rejected Dr. Walker's testimony because it was dated several years after the last date insured. The retroactive nature of Dr. Walker's opinion does not necessarily render it incredible. *See Murphy v. Astrue*, CIV S-07-1262 DAD, 2009 WL 1212026 (E.D. Cal. May 5, 2009) (treating physicians may offer retroactive opinions on a claimant's prior onset of disability). Given the conclusory and ambiguous[3] nature of Dr. Walker's opinion, however, the lapse in time between Dr. Walker's opinion and Ms. Church's last date insured undermines its credibility for the purpose of assessing Ms. Church's functional abilities during the relevant time period. Further, even if the ALJ erred in rejecting Dr. Walker's opinion on this ground, the error is harmless because the ALJ provided other legally sufficient reasons for rejecting Dr. Walker's opinion that Ms. Church was disabled. Therefore, the ALJ was not required to include Dr. Walker's opinion in formulating Ms. Church's RFC.

## C. The Administrative Record is Adequately Developed

The ALJ has an independent duty fully and fairly to develop the administrative record. *Higby v. Sullivan*, 975 F.2d 558, 561-62 (9th Cir. 1992); *Smolen v. Chater*, 80 F.3d 1273, 1283 (9th Cir. 1996). That duty exists even when the claimant is represented by counsel. *Smolen*, 80

---

[3] Although Dr. Walker stated that Ms. Church "continued" to be disabled, he did not specify whether he believed that Ms. Church became disabled before or after the last date insured. This ambiguity is ultimately immaterial to the determination of no disability because the ALJ discredited Dr. Walker's opinion for clear and convincing reasons.

PAGE 13 – OPINION AND ORDER

F.3d at 1283. The ALJ's duty to develop the record is triggered "when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 460 (9th Cir. 2001).

In this case, the record was adequately developed to allow the ALJ properly to evaluate the evidence. The ALJ considered Ms. Church's medical treatment records from multiple sources, spanning a period of time beginning several years before the alleged onset of disability, through several years after.[4] The ALJ also considered the testimony of several lay witnesses, and records relevant to Ms. Church's work history dating back to 1971. Although the opinion by Dr. Walker in 2009 that Ms. Church "continued" to be disabled is ambiguous, this ambiguity is not material because the ALJ provided legally sufficient reasons for rejecting Dr. Walker's opinion. The record contains sufficient evidence to allow the ALJ to reach an informed conclusion on disability and the ALJ was not required to develop it further.

## CONCLUSION

The Commissioner's determination of no disability is AFFIRMED.

**IT IS SO ORDERED**.

DATED this 27th day of December, 2013.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

---

[4] Ms. Church argues that the RFC is invalid because the ALJ did not rely on any medical evidence. The Court finds that the medical evidence, documented in the record and discussed in the ALJ's opinion, contradicts Ms. Church's allegation.

PAGE 14 – OPINION AND ORDER